IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED

NOV 20 2018

Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| WESTERN HERITAGE INSURANCE COMPANY, an Arizona corporation,<br><br>Plaintiff,<br><br>v.<br><br>SLOPESIDE CONDOMINIUM ASSOCIATION, INC., a Montana corporation, MATTHEW FOLKMAN, individually and d/b/a JARAS CONSTRUCTION,<br><br>Defendants. | CV 17–162–M–DLC<br><br>NOTICE TO PRO SE DEFENDANT AND ORDER |

Before the Court is Defendant Matthew Folkman's letter of July 24, 2018, notifying the Court that Folkman does not intend to retain counsel. (Doc. 27.) The Court deems the letter to be Folkman's answer, as it includes Folkman's representation that he "den[ies] the many allegations made in this suit." (Doc. 27 at 1.)

Folkman has a statutory right to represent himself pro se.[1] 28 U.S.C. § 1654. If his company, Jaras Construction, is a sole proprietorship, Folkman may also

---

[1] Black's Law Dictionary defines "pro se" as "for oneself; on one's own behalf; without a lawyer." *Black's Law Dictionary* (10th ed. 2014).

1

appear on its behalf. *Sharemaster v. SEC*, 847 F.3d 1057, 1066 n.4 (9th Cir. 2017). However, if Jaras Construction is owned to any degree by any individual or entity other than Folkman, Folkman cannot represent the business entity, and Jaras Construction must retain counsel if it is to appear in this Court. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993).

Folkman is strongly encouraged to seek representation immediately. A federal court "rightly expects a lawyer to represent a litigant. By its supervision of the bar and through its reliance on the lawyers before it, the court is enabled to function." *C. E. Pope Equity Trust v. United States*, 818 F.2d 696, 698 (9th Cir. 1987). The Court and all parties to this litigation—of course, most particularly Folkman himself—would benefit from Folkman's representation by counsel.

In the event that Folkman proceeds without an attorney, the Court takes this opportunity to counsel Folkman of the obligations that face him in this Court. All parties, whether represented or not, are expected to know and to comply with the relevant law and rules, including court orders, the Federal Rules of Civil Procedure,[2] the Federal Rules of Evidence,[3] and this Court's Local Rules.[4] The Court cannot and will not offer legal advice to any litigant. Folkman must

---

[2] Available at http://www.law.cornell.edu/rules/frcp.
[3] Available at http://www.law.cornell.edu/rules/fre.
[4] Available at http://www.mtd.uscourts.gov/local-rules.

2

personally sign and submit pleadings and other documents and participate personally in all phases of the case. Failure to participate will result in forfeiture of the right to participate.

Folkman is also advised that he may apply for the appointment of pro bono counsel, but the Court notes that appointment is extremely rare and that nothing in the record suggests that the high standard for appointment is met. Moreover, even if counsel is appointed, the scope of representation may be limited. The Court is merely advising of the right to apply. The better option, by far, is for Folkman to retain counsel of his choosing.

Appointment will be considered only on a convincing demonstration by the Defendant that he or she is financially unable to retain counsel. To apply, Defendants must complete a detailed financial affidavit[5] under penalty of perjury. The affidavit may be filed *ex parte* and under seal.[6] It must be completed and submitted with a motion for appointment of counsel on or before December 6, 2018. The motion must also address the other factors set forth in D. Mont. L.R. 83.6(c).

---

[5] The required form affidavit is Form AO 239. It is available in fillable PDF format at http://www.uscourts.gov/services-forms/forms
[6] When a document is authorized to be filed "*ex parte*," the filing party need not serve it on other parties. Documents filed "under seal" are not available to public view. Nothing may be filed *ex parte* or under seal unless a rule, statute, or order authorizes it.

3

IT IS ORDERED that Folkman's July 24, 2018 letter is deemed his Answer to the Complaint.

IT IS FURTHER ORDERED that on or before December 6, 2018, Folkman may move for the appointment of pro bono counsel. He must complete and attach to his motion the form affidavit described above in Footnote 5. The affidavit must be submitted under penalty of perjury. Leave to file the affidavit ex parte and under seal is GRANTED, but the motion itself must be served on opposing counsel.

IT IS FURTHER ORDERED that counsel for Folkman shall file a Notice of Appearance on or before December 20, 2018. If Folkman has not located and retained counsel before that date, Folkman shall file a Notice stating that he will proceed pro se. Whether filed by counsel or by Folkman, the Notice shall state whether Jaras Construction is a sole proprietorship and explain whether representation extends to both Folkman and Jaras Construction. Counsel may be retained after December 20, 2018, but the Court is unlikely to grant a continuance to allow new counsel to review this matter or to prepare a response to a motion.

IT IS FURTHER ORDERED that Folkman (and, if applicable, Jaras Construction) shall file responses to the pending motions for summary judgment (Docs. 28 & 36) on or before January 21, 2018. All other deadlines remain in effect.

DATED this 20th day of November, 2018.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court